

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00319-CV

IN THE INTEREST OF L.J., A CHILD

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2013-508,256, Honorable Kara Darnell, Presiding

January 15, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant R.J. challenges the trial court's order terminating his parental rights to the child, L.J.[1]  Counsel for R.J. has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967).  Finding no arguable grounds for appeal, we grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[1] To protect the child's privacy, we will refer to appellant and the child by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2011); TEX. R. APP. P. 9.8(b).

## Background

L.J. was born in June 2013, three months premature. His unmarried mother, A.Y., named R.J. as the child's father. Both were high school students. A.Y. used marijuana during her pregnancy and L.J. tested positive for marijuana in her system at birth. On pleadings filed by the Department of Family and Protective Services, L.J. was discharged from the hospital to a licensed foster home in August 2013.

R.J. was served with notice of the parental rights termination proceedings in September 2013, was appointed an attorney ad litem in October, and by answer filed in January 2014, denied his paternity of L.J. Although R.J. agreed and was ordered to submit to paternity testing, he appeared for none of the scheduled paternity tests. R.J. has never met or visited L.J., did not cooperate with or maintain contact with the Department, did not sign the service plan and did not complete the services required in the plan.

The final hearing on the parental rights of A.Y. and R.J. to L.J. was held in August 2014. A.Y. appeared in person with her attorney, and voluntarily relinquished her parental rights to L.J. She has not appealed. R.J.'s appointed attorney appeared for the hearing, but R.J. did not attend. At the close of the hearing, the trial court found that clear and convincing evidence supported termination of R.J.'s parental rights. His appointed counsel filed notice of appeal.[2]

---

[2] The trial court appointed R.J.'s trial counsel to represent him on appeal. Although we do not say a trial court errs by appointing trial counsel as appellate counsel, we discourage it.

Analysis

Standards of Review and Applicable Law

Pursuant to *Anders,* R.J.'s court-appointed appellate counsel has filed a brief stating that he has diligently reviewed the record and the applicable law and concluding that, in his professional opinion, the record shows no arguably reversible error. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *Porter v. Tex. Dep't of Protective & Regulatory Servs.,* 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental-termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief").

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), R.J.'s counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served his brief, motion to withdraw and copy of the appellate record on R.J. and (3) informed R.J. of his right to review the record and to file a *pro se* response. *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. By letter, this Court has also informed R.J. of his right to file a *pro se* response to his counsel's *Anders* brief and motion. R.J. has not filed a response. *See In re Schulman*, 252 S.W.3d at 409.

The United States Supreme Court has advised appellate courts that when the court receives a "frivolous appeal" brief, it must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *see also In re G.M. & X.M.,* No. 13-08-00569-CV, 2009 Tex. App. LEXIS 6509, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford,* 813 S.W.2d at 509.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (*citing In re J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002)). This intermediate standard falls between the preponderance of the evidence standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *In re E.M.E.,* 234 S.W.3d at 73. It is defined as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008).

In reviewing the legal sufficiency of the evidence supporting parental termination, a court reviews all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have "formed a firm belief or conviction about the truth of the matter on which the movant in a termination proceeding bore the burden

4

of proof." *In re J.F.C.,* 96 S.W.3d at 266. In reviewing the evidence for factual sufficiency, we give due deference to the fact finder's findings and do not supplant its judgment with our own. *In re H.R.M.,* 209 S.W.3d 105, 108 (Tex. 2006). We determine whether, on the entire record, a fact finder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2005); *In re T.B.D.,* 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.).

The trial court found R.J.'s parental rights, if any, were subject to termination under section 161.002(b)(1) of the Texas Family Code, which provides that the "rights of an alleged biological father may be terminated if: (1) after being served with citation, he does not respond by timely filing an admission of paternity or a counterclaim for paternity under Chapter 160." TEX. FAM. CODE ANN. § 161.002(b)(1) (West 2008). If the alleged father does not file such an admission or counterclaim, section 161.002(b)(1) permits the trial court to summarily terminate his parental rights without requiring the Department to prove that the father engaged in one of the types of conduct listed in section 161.001(1) of the Code or that termination is in the best interest of the child. *In re A.D.,* No. 04-02-00310-CV, 2002 Tex. App. LEXIS 9345, at *4 (Tex. App.—San Antonio Dec. 18, 2002, no pet.) (mem. op.).

The record shows R.J. was personally served with citation at his high school in September 2013. An attorney was appointed for R.J. in October 2013. In January 2014, an answer was filed on behalf of R.J.; however, the answer did not contain an admission of paternity or a counterclaim for paternity. Rather, R.J. denied he is the

father of L.J.[3]  He never personally appeared at a hearing in the case.  At the final hearing, the court took judicial notice of a Certificate of Paternity Registry Search that appears in the record.  Signed by the State Registrar, it certifies "that a diligent search of the paternity registry has been made and no notice of intent to claim paternity has been located concerning [L.J.]. . . ."  *See* TEX. FAM. CODE ANN. § 161.002(e) (West 2008).  The record thus supports the trial court's findings under section 161.002(b)(1).  *See In the Interest of K.R.L.,* No. 01-14-00213-CV, 2014 Tex. App. LEXIS 8488, at *25-26, (Tex. App.—Houston [1st Dist.] Aug. 5, 2014) (mem. op.) *(*finding evidence sufficient under section 161.002(b)(1) where alleged father made no representations in the trial court he was the child's father and refused to participate in court-ordered DNA testing); *In the Interest of D.T.,* No. 02-13-00331-CV, 2014 Tex. App. LEXIS 789, at *7-8 (Tex. App—Fort Worth Jan. 23, 2014, no pet) (mem. op.) (affirming termination under section 161.002(b)(1) where father had not written to the trial court claiming paternity, did not appear at trial to testify, did not offer to take a paternity test and did not make any effort to see the child outside a single visit).  *See also In re K.G.,* 350 S.W.3d 338, 350-51 (Tex. App.—Fort Worth 2011, pet. denied) (reviewing the statutory scheme of chapter 161).

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal.  *Stafford,* 813 S.W.2d at 511.  Based on the record in this case, we find the evidence is

---

[3] *Compare In re K.E.S.,* No. 02-11-00420-CV, 2012 Tex. App. LEXIS 7990, at *4 (Tex. App.—Fort Worth Sept. 20, 2012, pet. denied) (mem. op. on reh'g) (father admitted paternity under section 161.002 when, although he did not file a counterclaim of paternity or for voluntary paternity under chapter 160, he responded to a CPS letter acknowledging that he believed the child to be his and cooperated when asked to take a paternity test, which was admitted without objection at trial, allowing the issue to be tried by consent).

legally and factually sufficient to support the trial court's findings and its termination of R.J.'s parental rights.[4] Further, we find no other potentially plausible issues which could support an appeal. After reviewing the record and brief, we agree with counsel that there are no arguably meritorious grounds for appeal. Accordingly, counsel's motion to withdraw is granted and the trial court's order terminating the parental rights of R.J. to L.J. is affirmed.

James T. Campbell
Justice

---

[4] The court also found that clear and convincing evidence supported determinations that R.J.'s parental rights, if any, should be terminated under Family Code section 161.001(1)(O), providing for termination when a parent fails to comply with the provisions of a court order, and that termination was in the child's best interests. TEX. FAM. CODE ANN. §§ 161.001(1)(O), 161.001(2) (West 2013).